IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY JAMES BIRGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:12-CV-1777-G (BH) |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation.  Before the Court is *Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, filed October 30, 2013 (doc. 16).  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED in part.**

### I.   BACKGROUND

On June 8, 2012, through counsel, James Anthony Birge (Plaintiff) filed a complaint seeking reversal and remand of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  (doc. 1.)  On September 30, 2013, the Court entered judgment, reversing and remanding the case for further proceedings.  (doc. 15.)  Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (doc. 16.)  The Commissioner objected only to the request that the fees be paid directly to counsel rather than Plaintiff.  (doc. 18.)

### II.   EAJA

Pursuant to the EAJA, the Court must award attorney's fees and expenses if (1) the

claimant is the "prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). The claimant has the burden of demonstrating that the hours requested were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 601 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

Here, as the prevailing party, Plaintiff has requested $4,474.83 in attorney's fees based on 25.10 hours of attorney work at an hourly rate of $178.28. (doc. 16-2 at 2-3.) He also requests reimbursement of the $350 filing fee from the Judgment Fund, and an extension of 30 days from his receipt of the Notice of Award to file a motion for attorney's fees under § 406(b) of the Social Security Act, should he be successful at the administrative level. *(Id.* at 3-4; doc. 16-5 at 3–4.). *(Id.)* The Commissioner does not object to the number of hours, the requested hourly rate, or the request for reimbursement of the $350 filing fee. She also does not object to the request for an extension of time.

### III.  RECEIPT OF PAYMENT

The Commissioner objects solely to the request that the fee award be made payable directly to counsel.

The Supreme Court has held that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v.*

---

[1] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

*Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2528–29 (2010). Adhering to *Ratliff*'s express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the fee award is not subject to any offset by the government. *See, e.g.*, *Goin*, 2013 WL 1797862, at *6 ("conclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *Skinner*, No. 3:12-CV-02349-BK, at *2 (holding that pursuant to *Ratliff*, "EAJA awards are payable directly to the prevailing party, not his attorney"); *Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *3 n. 2 (N.D. Tex. Mar. 15, 2011), *rec. adopted*, 2011 WL 2990368 (N.D. Tex. July 22, 2011) (same); *see also Jackson v. Astrue*, 705 F.3d 527, 531 and n. 11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[] to the federal government) (citing *Ratliff*, 130 S. Ct. at 2524). Accordingly, the award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### IV.  RECOMMENDATION

*Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, filed October 30, 2013 (doc. 16), should be **GRANTED, in part.** Plaintiff should be awarded a total of $4,474.83 in attorney's fees, based on 25.10 hours of attorney work at an hourly rate of $178.28, and he should be paid $350 for reimbursable costs from the Judgment Fund. The award of

attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel. His request for an extension of 30 days from his receipt of the Notice of Award to file a motion for attorney's fees under § 406(b) of the Social Security Act, if successful at the administrative level, should be granted.

**SO RECOMMENDED this 16th day of December, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE